UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-9405 PA (SSCx) | Date | August 24, 2026 |
| Title | Brittany Conner v. Toyota Motor Sales, U.S.A., Inc. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| | | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Toyota Motor Sales, U.S.A., Inc. ("Defendant"). The Notice of Removal alleges that the Court possesses jurisdiction over the action filed by plaintiff Brittany Conner ("Plaintiff") pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states, and that the aggregate amount in controversy exceeds $5,000,000 exclusive of interests and costs. Id. The antiremoval presumption that applies to some Notices of Removals does not apply to CAFA removals. See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."). "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam). "The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., 574 U.S. at 82, 135 S. Ct. at 554). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged." Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type-evidence related to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197.

In the Notice of Removal, Defendant alleges that the amount in controversy exceeds $5,000,000. Specifically, Defendant alleges: "Although Plaintiff 'estimates that the amount in controversy is approximately $3,000,000' (Compl. ¶ 38), the allegations in the Complaint itself plausibly place more than $5,000,000 in controversy, based on damages, statutory penalties, punitive damages, attorneys' fees, and other relief Plaintiff seeks on behalf of herself and the putative class." (Notice of Removal ¶ 16.) Defendant additionally alleges that, based on the statutory damages of $5,000 per violation Plaintiff seeks:

> Assuming arguendo that the class consists of only 100 members and they visited the Website just 10 times within the year, the resulting statutory damages would total $5,000,000 on its own, not including all other applicable fees. This scenario is plausible, particularly because Plaintiff herself admits to having visiting the website multiple times. Additionally, when attorneys' fees and costs of complying with and enforcing any injunctive relief are added, the amount in controversy easily exceeds $5,000,000.

(Id. ¶ 17.)

Without any allegations in the Complaint or any other evidence, such as discovery responses, to support Defendant's estimate that each putative class member visited Defendant's website 10 times during the year, Defendant's use of that figure to meet the amount in controversy requirement appears to deficient because it contains unsupported assumptions and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-9405 PA (SSCx) | Date | August 24, 2026 |
| --- | --- | --- | --- |
| Title | Brittany Conner v. Toyota Motor Sales, U.S.A., Inc. | | |

speculation. See, e.g., Garibay v. Archstone Communities, LLC, 539 Fed. Appx. 763, 764 (9th Cir. 2013) (affirming district court's order remanding case based on failure to show $5 million amount in controversy, finding the defendant improperly "assume[d] that each employee would be entitled to the maximum statutory penalty, but provide[d] no evidence supporting that assertion.").

In addition, under the terms of CAFA, "[a] district court shall decline to exercise jurisdiction under [28 U.S.C. § 1332(d)(2) if] two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). A district court may also decline to exercise jurisdiction over a CAFA class action "in the interests of justice and looking at the totality of the circumstances," when "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . ." 28 U.S.C. § 1332(d)(3). In determining if the Court should decline to exercise CAFA jurisdiction in such instances, the Court should consider several factors, including whether: (A) "the claims asserted involve matters of national or interstate interest"; (B) "the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States"; (C) the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction"; (D) "the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants"; (E) "the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States"; and (F) "during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." 28 U.S.C. § 1332(d)(3)(A)–(F).

Here, Plaintiff's Complaint alleges that Plaintiff is a citizen of California and defines the class as: "All natural persons physically located in California who visited Defendant's website, selected a non-consent option in Defendant's consent banner, and thereafter had tracking cookies placed on their devices by Defendant." Defendant is incorporated in California and therefore, like Plaintiff, a citizen of California. The Notice of Removal states that "Toyota identified Website visitors between July 15, 2025 and the present who opted to turn off targeting cookies and session replay technology and whose IP addresses were associated with states other than California." (Notice of Removal ¶ 19.) Because Plaintiff defines the class definition to include only those physically located within California when they accessed the website, it is unclear how Defendant's information concerning individuals located elsewhere assists Defendant in establishing the existence of minimal diversity for purposes of CAFA or that CAFA's local controversy exceptions do no apply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 26-9405 PA (SSCx) | Date | August 24, 2026 |
| Title | Brittany Conner v. Toyota Motor Sales, U.S.A., Inc. | | |

The Court therefore orders Defendant to show cause in writing why this action should not be remanded for lack of CAFA jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). In addition, because it appears that both Plaintiff and Defendant are citizens of California, and the Complaint appears to present a local controversy, the Court orders Defendant to show cause in writing: (i) why this action should not be remanded pursuant to 28 U.S.C. § 1332(d)(4), on the grounds that Defendant and two-thirds or more of the members of the class of the proposed plaintiffs are citizens of the State in which the action was originally filed; and (ii) why the Court should not exercise its discretion, pursuant to 28 U.S.C. § 1332(d)(3), to remand this matter, on the grounds that Defendant and more than one-third but less than two-thirds of the class of proposed plaintiffs are citizens of the same State in which the action was originally filed. Defendant's response to this order to show cause shall be filed by no later than September 8, 2026.

IT IS SO ORDERED.